SUMMARY ORDER
Petitioner Jing Lian Dong (“Dong”) petitions for review of an order of the BIA affirming the decision of an Immigration Judge (“IJ”) ordering his removal to China *495 and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the facts and procedural history of the case.
Remand of the withholding of removal and CAT claims is required because the IJ provided no explanation for denying them. This Court therefore cannot conduct a meaningful review. See Poradisova v. Gonzales, 420 F.3d 70, 77 (2d Cir.2005) (“Despite our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful.”); see also Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004) (holding that “the BIA’s decision with respect to an alien’s claims for asylum and withholding of removal pursuant to the INA should never, in itself, be determinative of the alien’s CAT claim”).
As to the asylum claim, the IJ’s decision is confusing and does not provide a basis upon which this Court can conduct meaningful review of the decision, nor can the Court assume that there would be no realistic possibility of a different result on remand, see Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 401 (2d Cir.2005) (citing NLRB v. Wyman-Gordon Co., 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969)), or that remand would be “meaningless,” Wyman-Gordon, 394 U.S. at 766 n. 6, 89 S.Ct. 1426. The IJ’s decision recounts Dong’s testimony, periodically noting implausibilities and inconsistencies therein; however, the IJ later states that she “wants to make clear that [she is] not relying on the adverse credibility finding.” JA at 66. It is possible that the IJ intends this qualifier to reference the findings of the credible fear interviewers, and not her own, but that intention is not plainly evident.
We cannot determine from the IJ’s decision whether we should consider that an “explicit adverse credibility determination” was made, or whether the IJ intended to signal that she was relying on other grounds, namely the corroborating evidence, in denying Dong’s claim. If the latter, the IJ failed to “explain specifically, either in [her] decision or otherwise in the record: (1) why it is reasonable under the BIA’s standards to expect such corroboration; and (2) why [Dong’s] proffered explanations for the lack of such corroboration are insufficient.” Diallo v. INS, 232 F.3d 279, 290 (2d Cir.2000).
For these reasons, the petition for review is GRANTED, the BIA’s decision is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).